IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
ALBANY DIVISION

| | | |
|---|---|---|
| JONI W. FOX, | : | |
| | : | |
| Plaintiff, | : | CIVIL ACTION NO. |
| | : | |
| v. | : | |
| | : | |
| SUN LIFE ASSURANCE | : | |
| COMPANY OF CANADA, | : | |
| | : | |
| Defendant. | : | |
| | : | |

## COMPLAINT

COMES NOW, Plaintiff in the above-styled action, JONI W. FOX (hereinafter

"Plaintiff"), and, pursuant to the Employee Retirement Income Security Act of 1974 (ERISA),

29 U.S.C. §§1001 et seq., shows this Court the following:

1.

Plaintiff is an individual currently residing in 672 Evergreen Road, Fitzgerald, Ben Hill

County, Georgia  31750.

2.

Plaintiff was a plan participant as defined by ERISA, and brings this action pursuant to

29 U.S.C. §1132(a)(1)(B) to recover benefits due to her under the terms of her plan.

3.

Defendant, Sun Life Assurance Company of Canada (hereinafter "Defendant"), is a

corporation organized and existing pursuant to the laws of the State of Massachusetts.  At all

times relevant to this Complaint, Defendant maintained offices and conducted business in the

State of Georgia.  Service of process may be perfected upon Defendant's registered agent, C.T.

Corporation System, 289 S. Culver Street, Lawrenceville, Gwinnett County, Georgia  30046-

4805.

4.

Jurisdiction is proper in this Court pursuant to 29 U.S.C. §1132(e)(1).

5.

Venue is proper pursuant to 29 U.S.C. §1132(e)(2).

6.

Plaintiff was employed as a Marketing Representative for Colquitt EMC, which provided

a Long-Term Disability (LTD) Plan insured by Defendant's Group Policy No.

5431386/0/1/1551159 (hereinafter "the Plan").

7.

At all relevant times hereto, Colquitt Electric Membership Corp. (EMC), was an

employer engaged in commerce; therefore, the Plan is governed by ERISA pursuant to 29 U.S.C.

§1003(a).

8.

At all times during the course of her employment with Colquitt EMC, Plaintiff was a

participant in the Plan and is, therefore, entitled to benefits from the same.

9.

Plaintiff's disability commenced on or about February 28, 2018, and she timely filed an

LTD claim with Defendant.

10.

Plaintiff provided Defendant with medical documentation that showed she was

"disabled" due to multiple impairments including, but not limited to:  Schizophrenia, PTSD,

OCD, Chiari malformation, seizures, tremors, migraines, hypertension, sleep apnea, dyspnea,

and chronic angina.

11.

Upon review, Defendant approved Plaintiff's claim and paid her monthly LTD benefits

through August 18, 2020.  At that time, Defendant terminated Plaintiff's LTD benefits

contending that her benefits were limited to 24 months due to the "Special Conditions" provision

of the LTD Plan.  More specifically, Defendant argued that, while Plaintiff's proof supports her

claim for disability due to "bipolar disorder, anxiety, depression, and other specified

schizophrenia spectrum and other psychiatric disorders," each of those impairments fall under

the definition of "Mental Illness" and is considered a "Special Condition" under the Plan.

12.

On March 10, 2021, Plaintiff appealed Defendant's decision to terminate her LTD

benefits and submitted additional medical records; a letter from her treating physician in

response to the peer review completed by Defendant; a Mental Impairment Questionnaire; a

Psychological Evaluation Report, along with a statement from the psychologist regarding the

evaluation report; a Cardiac Residual Functional Capacity Questionnaire; and a "Fully

Favorable" Social Security Disability decision.

13.

In Plaintiff's appeal, she noted that Defendant's decision was in error in that it

misapplied the "Mental Illness" limitation under the "Special Conditions" provision as the Plan

"carves out" certain diagnoses that are exempt from the "mental illness" limitation.  In particular,

"Schizophrenia" is one of those diagnoses that is exempt from the Plan's "Mental Illness"

limitation.  Plaintiff's treating psychiatrist also provided a response to Plaintiff's psychiatric peer

review and addendums, which supports the fact that the Plan's Mental Illness cap was misapplied. Additionally, Plaintiff indicated that, not only does she suffer from disabling schizophrenia, she also has multiple non-capped physical conditions which in combination are disabling.

14.

However, despite Plaintiff's argument and submissions, on August 30, 2021, Defendant affirmed its termination of Plaintiff's LTD benefits. Further, Defendant indicated that its decision was final and that Plaintiff had exhausted her administrative remedies.

15.

Defendant's termination of Plaintiff's LTD benefits was "arbitrary and capricious" and was the result of its disregard of medical and vocational documentation showing that Plaintiff remained "disabled" under the terms of the LTD Plan.

WHEREFORE, Plaintiff prays that this Court:

(a) Order Defendant to pay Plaintiff the amount of her full disability benefit accrued and unpaid to date;

(b) Order Defendant to reinstate Plaintiff as a beneficiary and to pay Plaintiff her monthly disability benefit to which she is entitled from this point forward;

(c) Award Plaintiff reasonable attorneys' fees, and cast all costs of this action against Defendant;

(d) Order Defendant to pay Plaintiff interest on all monies due and owed;

(e) Deny Defendant any applicable offsets as equitable relief.

(f) Provide Plaintiff such other and further relief that this Court may deem appropriate under the circumstances.

RESPECTFULLY SUBMITTED, this 8th day of September, 2021.

WESTMORELAND, PATTERSON, MOSELEY
  & HINSON, LLP
Attorneys for Plaintiff


s/BRADLEY G. PYLES_____
Georgia Bar No.:  590545


577 Mulberry Street, Suite 600
Post Office Box 1797
Macon, Georgia 31202-1797
(478) 745-1651
brad@wpmhlegal.com